Haight, J.
This action was brought to recover the amount of the defendant’s subscription to the capital stock *160 of the plaintiff. It appears from the stipulated facts in the case that in the year 1870 several printed captions, in the form of articles of association, were sent out to different towns and localities along the line of the proposed railroad, with a view to obtain signatures and subscriptions thereto for the purpose of forming articles of incorporation; that one of such papers was subscribed by the defendant in this action and was delivered to one of the proposed directors; that these papers were subsequently gathered up, the caption cut off from all except one, and the names subscribed to the other papers attached thereto, and the same was, on the 17th day of July, 1870, filed in the office of the secretary of state as the plaintiff’s articles of incorporation; that the captions to these several papers to which subscriptions had been made were all alike, with one exception; that among the papers so subscribed was one which was subscribed by persons residing in the town of Barrington, near Crystal Springs, which differed from all the others; that the number of shares set opposite the names of the persons who subscribed such paper was sixty; that the caption upon this paper was also cut off and the list of subscribers attached with the others to the articles of incorporation. It further appears that subsequently action was brought to recover the amount of the subscription to the capital stock against some of the subscribers to this paper, and it was held and adjudged that the paper filed in the office of the secretary of state over their signatures was materially different from the one signed by them; that they never became bound by it to take the stock of the corporation, and that they were entitled to judgment dismissing the complaint. It further appears that this judgment shall remain in full force and effect; that the length of the plaintiff’s proposed road is eighty-six miles; that by deducting the $6,000 subscribed by the citizens of Barrington from the total subscription list there remains but $80,050, being $5,950 less than $86,000, the amount required.
It further appears that on or about the first day of March, 1872, the plaintiff executed and delivered a mortgage to the Farmers’ Loan and Trust Company of the city of New York, in trust for the persons who should become the owners of the bonds of the plaintiff, issued by it, not exceeding in number 1,500, of $1,000 each. The mortgage so executed covered all and singular its railroad then or thereafter constructed, together with its real estate, railways, switches, turn-outs, sidings, rails, bridges, piers, fences, right of way, privileges, rights, franchises and property which the plaintiff then had, or which it should thereafter acquire, own or be entitled to. That thereafter an action was brought by and on behalf of the Farmers’ Loan and Trust *161 Co. v. The Sodus Bay and Corning Railroad Co. for a foreclosure of this mortgage, and such proceedings were thereupon had that a judgment was entered therein, and a sale of the mortgaged'property was made thereunder June S3, 1876, to one Edgar Munson. It further appears that the road has never been constructed.
At the conclusion of the evidence the defendant moved for a dismissal of the complaint upon the grounds, first, that the destruction and alteration of the papers subscribed by the parties whose names now appear to what purports to be the articles of association, making up the paper by cutting off and annexing these different signatures, renders the subscription of the defendant void as an obligation; second, that when the defendant subscribed the articles of association it was, in view of the statute, part of the contract, and one of the conditions, that $1,000 per mile of the length of the proposed line of railroad should be subscribed to the articles of association, and that no obligation or liability of the defendant was incurred because the amount of $1,000 per mile was not in fact subscribed; third, that the plaintiff did not, within ten years after the filing and recording of the articles of association, complete or furnish its road, and by reason of that the corporate existence and powers of the plaintiff ceased; fourth, that it appears that prior to ■ 1879 the plaintiff had forfeited its corporate powers, that it became insolvent, had abandoned the construction of its road and all its property, rights and franchises, and all its interests were foreclosed and sold.
The motion was denied.
As to the first ground upon which the motion was based, the question was fully considered in the case of S. B. and, C. R. R. Co. v. Hamlin (24 Hun, 390), and requires no further comment. As to the second ground a more serious question is presented.
The statute provides that such articles of association shall not be filed and recorded in the office of the secretary of state until at least $1,000 of stock for every mile of railroad proposed to be made is subscribed thereto, and ten per cent paid thereon in good faith, etc. Laws of 1850, chap. 140, § 2.
The defendant argues with much force that his subscription was made in view of the statute, understanding that it would be of no effect unless $86,000 was subscribed in good faith, being $1,000 per mile of the proposed road; that the taking of the subscription list of the residents of Barring-ton, and attaching them to the paper filed, with the caption or heading materially different, was the same as if sixty shares of the stock had been subscribed by forgery.
*162 We have not thought it necessary to decide this question for the reason that the other grounds upon which the defendant sought a dismissal of the complaint appear to be well taken.
This action was tried January 4,1882. The supplemental answer alleges that the plaintiff has ceased to exist as a corporation. The statute provides that, “If any corporation formed under an act entitled 6 An act to authorize the formation of railroad corporations, and to regulate the same, ’ passed April 2, 1850, shall not, within five years after its articles of association are filed and recorded in the office of the secretary of state, begin the construction of its road, and expend thereon ten per cent of the amount of its capital, or shall not furnish its road and put it in operation in ten years from, the time of filing its articles of association, as aforesaid, its corporate existence and powers shall cease.”1 Laws of 1850, chap. 140, as amended. Laws of 1867, chap. 775. As we have seen, the articles of association were filed in the office of the secretary of state on the 17th day of June, 1870. The ten years within "which the road was to be finished and put in operation expired June 17, 1880. It would, therefore, appear that at the time of the trial the plaintiff, as a corporation, had, by the express terms of the statute, ceased to exist.
But it may be contended that the time within which the plaintiff "was to construct its road has been extended by chap. 350, Laws of 1879.
That act provides that “Any existing railroad company heretofore organized or incorporated under the law’s of this state, except such as may have been organized for the purpose of constructing or operating a railroad in the city of New York, which may be unable, from any cause, to construct its railroad w’ithin the time specified by its charter, or articles of association, shall hereby have the time for the completion of the railroad it was authorized to construct extended for a further term of two years, beyond the time heretofore limited; and failure to construct its railroad within the time heretofore limited shall not cause a forfeiture of its corporate powers; but nothing herein contained shall have the effect to revive any corporation whose corporate power has been forfeited from any cause.”
If the plaintiff is within the provisions of this statute, then its time would be extended two years and W’ould not have.expired until June 17, 1882. But it will be observed by the concluding clause, of the statute, that “nothing-herein contained shall have the effect to revive any corporation whose corporate power has been forfeited for any cause.” At this time the plaintiff’s mortgage, as we have seen, had already been foreclosed, and all its property,. *163 rights and franchises had been sold and disposed of, so that it was absolutely powerless to construct the road thereafter. The foreclosure and sale worked a forfeiture of its right to thereafter build and operate the road; that right was vested in the purchaser. Its corporate power in that regard had terminated, and consequently it was not brought within the provisions of the statute.
It follows that the motion for judgment on the part of the plaintiff must be denied, and judgment ordered for the defendant, dismissing the plaintiff’s complaint upon the merits.
So ordered.
Lewis, J., concurs; Bradley, J., not sitting.